UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RANDY OSTRANDER, # 631912, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-1219 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| ARAMARK CORPORATION, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a former state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of plaintiff's confinement in April and May 2014 at the Lakeland Correctional Facility (LCF). The defendants are Aramark Corporation and Aramark Food Services Supervisor F. Hand.

The matter is before the Court on defendants' Rule 12(b)(6) motion seeking dismissal of plaintiff's claims. (ECF No. 12). For the reasons set forth herein, defendant's Rule 12(b)(6) motion (ECF No. 12) will be granted in part and denied in part. The motion will be denied as to the portion seeking dismissal of plaintiff's claims based on the affirmative defense provided by 42 U.S.C. § 1997e(a). The motion will be granted as to all plaintiff's federal claims and judgment will be entered in defendants' favor on those claims. The Court, in its discretion, will decline to exercise supplemental jurisdiction over plaintiff's state law claims and those claims will be dismissed without prejudice.

## Rule 12(b)(6) Standards

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*,

552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## <u>Allegations</u>

Plaintiff's allegations against defendant are set forth verbatim below:

While being assigned to work in MDOC Food Service Dept. here at Lakeland Corr. Fac., under the care and supervision of Aramark Corporation whom is the sole contractor of food services here in Michigan. I was given caustic chemicals to clean the dish tank, namely a degreaser that I was not told how dangerous or toxic this product was or is. This resulted in chemical burns to my leg. I was sent to health services immediately. I was off work for (28) days due to this injury which I still have a lot of scar tissue and numbing. I filed and started the grievance procedure on 4-17-14. Aramark has refused to yet inform me or given me access to the M.S.D.S. sheets on the chemical compounds and information

on this product.  With each steep of the MDOC grievance process and the exhaustion of said process, I've been misinformed and lied to by Aramark staff. These caustics are given to workers in peanut butter jars/Styrofoam cups.

Aramark Food Service Lead Supervisor Mr. Hand stated numerous times that, I would be given back pay and compensation, but this was another lie.  Since my filing I've been held back from other work assignments and retaliated against by threats of Aramark staff.  They (Aramark) have made repeated efforts to hinder my addresses to OSHA, attorneys, and the MDOC grievance process. They have shown a total disregard for personal safety and rights.

(Compl. ¶ IV, ECF No. 1, PageID.3).

## Discussion

### I.    Exhaustion

Defendants request dismissal of plaintiff's claims under Rule 12(b)(6) based on the affirmative defense provided by 42 U.S.C. § 1997e(a).  (Defendants' Brief at 8-11, ECF No. 12, PageID.43-46).  In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that "exhaustion is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies.  *Id.*  This burden can rarely be satisfied in the Rule 12(b)(6) context, because dismissal under Rule 12(b)(6) on an affirmative defense is appropriate only when the affirmative defense is established "on the face" of the plaintiff's complaint.  549 U.S. at 215.

Defendants improperly attempted to support their motion to dismiss with exhibits.  Under Rule 12(b)(6), a court is generally restricted to examining the adequacy of the plaintiff's complaint.  *See* FED. R. CIV. P. 12(d); *see also Buck v. Thomas*

-4-

*M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). The exhibits in question were not attached to plaintiff's complaint, such that they could be considered under Rule 10(c) without converting the Rule 12(b)(6) motion into a motion for summary judgment. FED. R. CIV. P. 10(c); *see Koubriti v. Convertino*, 593 F.3d 459, 462 n. 1 (6th Cir. 2010) ("Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.").

Defendants have ignored their burden of establishing how the Court can properly consider the proffered evidence (Defendants' Exhibits 1-3, ECF No. 12-1, 12-2, 12-3, PageID. 60-82) in the context of a Rule 12(b)(6) motion. When a district court encounters a Rule 12(b)(6) motion supported by evidence outside the pleading, the court may, in the exercise of its discretion, convert the motion into a summary judgment motion under Rule 56, or expressly exclude the extra-pleading materials from its consideration and proceed to address the motion as a Rule 12(b)(6) motion. FED. R. CIV. P. 12(d); *see Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104-05 (6th Cir. 2010).

The Sixth Circuit has cautioned that conversion of Rule 12(b)(6) motions into summary judgment motions "should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 487 (6th Cir. 2009). Here, in the exercise of discretion, the Court will disregard the proffered evidence[1] and treat defendants' motion as a straightforward Rule 12(b)(6)

---

[1]The Court also excludes from its consideration the evidence that plaintiff attached to his brief (Plaintiff's Brief, Exhibits A-C, ECF No. 14-1, 14-2, 14-3, PageID.173-81). *See* FED. R. CIV. P. 12(d).

motion.  Under Rule 12(b)(6) standards, defendants have not and cannot carry their burden on the affirmative defense.  This portion of defendants' motion will be denied.

## II.    Plaintiff's Complaint

Plaintiff was not required to cite cases or statutes, or to make legal arguments in his complaint.  (Compl. at ¶ IV, ECF No. 1, PageID.3).  He has responded to defendants' Rule 12(b)(6) motion by arguing that his complaint states valid claims for violation of his rights under the Eighth Amendment (Plaintiff's Brief at 8, ECF No. 14, PageID.166), the Fourteenth Amendment's Due Process Clause (*Id.* at 9-10, PageID.167-68), and OSHA (*Id.* at 10-12, PageID.168-70).  Plaintiff asks the Court to exercise supplemental jurisdiction over state law claims for violation of MIOSHA.  (*Id.* at 10-12, PageID.168-70).

### A.    Eighth Amendment

Plaintiff has not alleged facts sufficient to support a claim against defendants for violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause.  In order to state an Eighth Amendment claim plaintiff must allege facts showing that he faced a sufficiently serious risk to health and safety and that the defendant acted with deliberate indifference to his health or safety.  *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Mere negligence is insufficient to support a claim under section 1983.  *See Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

B.    Due Process

Plaintiff does not have any viable due process claim against defendants based on lost wages. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (no due process claim for loss of a prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Carter v. Tucker*, 69 F. App'x 678, 679 (6th Cir. 2003) (no property interest in the loss of income caused by the loss of prison employment).

C.    OSHA

Plaintiff has no claim against defendants based on OSHA violations.    OSHA does not create a private cause of action.[2] *See Ellis v. Chase Communications, Inc.*, 63 F.3d 473, (6th Cir. 1995); *see also Madigan v. Nabisco Brands, Inc.*, 46 F. App'x 329, 331 (6th Cir. 2002) ("This circuit has held that there exists no private cause of action for an alleged OSHA violation.").

D.    Defendant Hand

Plaintiff seeks to hold defendant Hand liable based on his position as Food Services Lead Supervisor for Aramark.  However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability

---

[2]Plaintiff presented no argument in support of a "retaliation" claim against defendants.  (ECF No. 14).  In any event, plaintiff's vague allegations of "retaliation" at unspecified times by unidentified individuals through threats or hindrances (ECF No. 1 at 3, PageID.3) fails to state a claim upon which relief can be granted. Conclusory allegations of retaliatory motive unsupported by material facts are not sufficient to state a claim under section 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987).

onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir .1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Peatross v. City of Memphis*, 818 F.3d 233, 241-42 (6th Cir. 2016); *Ward v. Aramark Corr. Food Servs.*, No. 3:09-cv-P802, 2011 WL 1542108, at * 2 (W.D. Ky. Apr. 22, 2011). Plaintiff's allegation that Hand stated that plaintiff would receive back pay fails to state a claim upon which relief can be granted under federal law.

      E.    <u>Supplemental Jurisdiction</u>

Plaintiff asks the court to exercise jurisdiction over purported state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir.2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Rouster v. County of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). There is no reason in this case to depart from the general rule.

## **Conclusion**

For the foregoing reasons, defendant's Rule 12(b)(6) motion (ECF No. 12) will be granted in part and denied in part. The motion will be denied as to the portion seeking dismissal of plaintiff's claims based on the affirmative defense provided by 42 U.S.C. § 1997e(a). The motion will be granted as to all plaintiff's federal claims and judgment will be entered in defendants' favor on those claims. The Court, in its discretion, will decline to exercise supplemental jurisdiction over plaintiff's state law claims and those claims will be dismissed without prejudice.


Dated:  September 28, 2016          /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge